# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1 Rev. 4-16
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov



See other side for instructions

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 123 Hoyt Street, Stamford, CT 06905 | ( 203 ) 965-5308 | February 26, 2019 |

| | | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) | Case type code (See list on page 2) |
|---|---|---|---|
| ☒ Judicial District ☐ Housing Session | ☐ G.A. Number: | Stamford, CT 06905 | Major: V    Minor: 01 |

**For the Plaintiff(s) please enter the appearance of:**

Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code)
Tinley, Renehan & Dost, LLP 255 Bank Street, Ste. 2A, Waterbury, CT 06702

Juris number (to be entered by attorney only): 402031

Telephone number (with area code): ( 203 ) 596-9030

Signature of Plaintiff (If self-represented)

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. ☐ Yes ☒ No

Email address for delivery of papers under Section 10-13 (if agreed to)

Number of Plaintiffs: 1    Number of Defendants: 2    ☒ Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: Reyes, Zoraida<br>Address: 8856 77th Street, Woodhaven, NY 11421 | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name: Knowlton, Justin, 42A Veazie Road, Swanville, ME 04915 & 8 Moody Rd., Prospect, ME 04981<br>Address: c/o Commissioner of DMV, 60 State Street, Wethersfield, CT 06109 | D-01 |
| Additional Defendant | Name: Pottle's Transportation, LLC, 15 Page Rd W, Bangor, ME 04401 & 170 Gensinger Rd, Kutztown, PA 19530<br>Address: c/o Secretary of the State, 60 Trinity Street, Hartford, CT 06106 | D-02 |
| Additional Defendant | Name: Pottle's Transportation, LLC, 15 Page Rd W, Bangor, ME 04401 & 170 Gensinger Rd, Kutztown, PA 19530<br>Address: c/o Commissioner of DMV, 60 State Street, Wethersfield, CT 06109 | D-03 |
| Additional Defendant | Name:<br>Address: | D-04 |

**Notice to Each Defendant**

1. YOU ARE BEING SUED. This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Name of Person Signing at Left<br>Amita P. Rossetti | Date signed<br>01/25/2019 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date | Docket Number 275(a) |
|---|---|---|---|

(Page 1 of 2)

| | | |
|---|---|---|
| RETURN DATE: FEBRUARY 26, 2019 | : | SUPERIOR COURT |
| ZORAIDA REYES | : | JUDICIAL DISTRICT OF STAMFORD |
| VS. | : | AT STAMFORD |
| JUSTIN KNOWLTON, ET AL | : | JANUARY 25, 2019 |

## COMPLAINT

### FIRST COUNT: ZORAIDA REYES v. JUSTIN KNOWLTON (NEGLIGENCE)

1. On February 9, 2017, at approximately 11:13 a.m., the plaintiff, Zoraida Reyes, was operating her 2014 KIA Optima in a northerly direction on I-95, a public highway in Stamford, Connecticut.

2. On the same day, at the same time, the defendant, Justin Knowlton, was operating a 2013 Volvo tractor trailer, owned by Pottle's Transportation, also in a northerly direction on I-95, behind and to the rear of the plaintiff's vehicle.

3. At all times relevant hereto, the defendant, Justin Knowlton, was operating the 2013 Volvo tractor trailer with permission and consent of Pottle's Transportation, LLC and/or as its agent, servant and/or employee.

4. The defendant, Pottle's Transportation, LLC is a business organized and existing under the laws of the State of Maine, with a principle place of business at 170 Gensinger Road, in Kutztown, Pennsylvania and/or 15 Page Road West in Bangor, Maine.

5. At a point I-95, the plaintiff stopped her vehicle due to a vehicle spinning out in front of her, when the defendant suddenly and violently collided with the rear of the plaintiff's vehicle thereby causing her to sustain the injuries and damages hereinafter set forth.

6. The injuries and damages to the plaintiff, Zoraida Reyes, were caused by the negligence and carelessness of the defendant, Justin Knowlton, in one or more of the following ways, in that he:

   a. violated §14-240 of the Connecticut General Statutes by following another vehicle more closely than was reasonable and prudent, having regard for the speed of such vehicles and the traffic upon and the condition of the highway and weather conditions;

   b. violated §14-218a of the Connecticut General Statutes by operating her vehicle at an unreasonable rate of speed, having regard for the time of day, intersection of streets, width, traffic and use of such highway, and weather conditions;

   c. failed to apply his brakes in a timely manner or otherwise turn his vehicle so as to avoid the aforesaid collision;

   d. failed to keep an adequate and proper lookout ahead of him for traffic on the highway;

   e. followed the plaintiff's vehicle in front of him more closely than was reasonable and prudent having regard for the speed of such vehicles and the traffic upon the highway;

   f. operated his vehicle at an unreasonable rate of speed having regard for the time of day, intersection of streets, width, traffic and use of the highway and weather

        conditions;

    g.    was inattentive to his driving;

    h.    failed to sound his horn or otherwise warn of his impending approach.

7. As a result of the negligence and carelessness of the defendant as aforesaid, the plaintiff, Zoraida Reyes, sustained headaches, neck pain, accompanying parasthesias radiating into both shoulders, arms and hands bilaterally, cervical, thoracic and lumbar sprains and strains, radicular symptoms into her buttocks, upper thighs and down her right leg, a disc bulge at L5-S1, disc herniations at C3-4, C4-5, C5-6 and C6-7, and a disc protrusion at C7-T1. To treat these injuries and their concomitant symptoms of pain, spasm, discomfort and restricted mobility, the plaintiff required emergency medical care, a lengthy course of acupuncture, pain management therapy and consultations with orthopedic doctors, chiropractors, and other medical providers. In all probability the injuries and damages to the plaintiff's neck and back are permanent in nature and will require future medical treatment. In addition the plaintiff has suffered and will continue to suffer great physical and emotional pain, distress, anxiety and discomfort and has been and will in the future be unable to participate in many of the activities in which she engaged prior to said accident.

8. As a further result of the negligence and carelessness of the defendant, Justin Knowlton, as aforesaid, the plaintiff was forced to incur substantial sums of money for the medical care, services and treatment necessitated by her condition.

9. As a further result of the negligence and carelessness of the defendant, Justin Knowlton, as aforesaid, the plaintiff was forced to miss time from the duties of her employment and has suffered a loss of earnings.

## SECOND COUNT: ZORAIDA REYES v. POTTLE'S TRANSPORTATION, LLC (VICARIOUS LIABILITY)

1-5. Paragraphs 1 through 5 of the First Count are hereby incorporated as Paragraphs 1 through 5 of this Second Count.

6. The injuries and damages to the plaintiff, Zoraida Reyes, were caused by the negligence and carelessness of the defendant, Pottle's Transportation, in one or more of the following ways, in that its agent, servant, and/or employee, Justin Knowlton:

   a. violated §14-240 of the Connecticut General Statutes by following another vehicle more closely than was reasonable and prudent, having regard for the speed of such vehicles and the traffic upon and the condition of the highway and weather conditions;

   b. violated §14-218a of the Connecticut General Statutes by operating her vehicle at an unreasonable rate of speed, having regard for the time of day, intersection of streets, width, traffic and use of such highway, and weather conditions;

   c. failed to apply his brakes in a timely manner or otherwise turn his vehicle so as to avoid the aforesaid collision;

   d. failed to keep an adequate and proper lookout ahead of him for traffic on the highway;

   e. followed the plaintiff's vehicle in front of him more closely than was reasonable and prudent having regard for the speed of such vehicles and the traffic upon the highway;

  f. operated his vehicle at an unreasonable rate of speed having regard for the time of day, intersection of streets, width, traffic and use of the highway and weather conditions;

  g. was inattentive to his driving;

  h. failed to sound his horn or otherwise warn of his impending approach.

7. As a result of the negligence and carelessness of the defendant as aforesaid, the plaintiff, Zoraida Reyes, sustained headaches, neck pain, accompanying parasthesias radiating into both shoulders, arms and hands bilaterally, cervical, thoracic and lumbar sprains and strains, radicular symptoms into her buttocks, upper thighs and down her right leg, a disc bulge at L5-S1, disc herniations at C3-4, C4-5, C5-6 and C6-7, and a disc protrusion at C7-T1. To treat these injuries and their concomitant symptoms of pain, spasm, discomfort and restricted mobility, the plaintiff required emergency medical care, a lengthy course of acupuncture, pain management therapy and consultations with orthopedic doctors, chiropractors, and other medical providers. In all probability the injuries and damages to the plaintiff's neck and back are permanent in nature and will require future medical treatment. In addition the plaintiff has suffered and will continue to suffer great physical and emotional pain, distress, anxiety and discomfort and has been and will in the future be unable to participate in many of the activities in which she engaged prior to said accident.

8. As a further result of the negligence and carelessness of the defendant, as aforesaid, the plaintiff was forced to incur substantial sums of money for the medical care, services and treatment necessitated by her condition.

9. As a further result of the negligence and carelessness of the defendant, as aforesaid, the plaintiff was forced to miss time from the duties of her employment and has suffered a loss of earnings.

10. The defendant Pottle's Transportation is vicariously liable to the plaintiff, Zoraida Reyes, under the common law doctrine of respondeat-superior and/or pursuant to C.G.S. Sec. 52-183.

## THIRD COUNT: ZORAIDA REYES V. POTTLE'S TRANSPORTATION, LLC (NEGLIGENCE)

1-5. Paragraphs 1 through 5 of the First Count are hereby incorporated as Paragraphs 1 through 5 of this Third Count.

6. The injuries and damages to the plaintiff, Zoraida Reyes, were caused by the negligence and carelessness of the defendant, Pottle's Transportation, in one or more of the following ways, in that it:

   a. it failed to hire competent drivers;

   b. it failed to properly train its drivers;

   c. it failed to properly supervise it drivers;

   d. it failed to implement adequate procedures and/or policies to ensure the drivers were operating their motor vehicles with proper care, safety and due regard for other vehicles on the road;

   e. it knew or should have known that failing to properly train and/or supervise Justin Knowlton would pose a foreseeable risk of harm to others, including the plaintiff;

   f. it failed to properly observe, monitor and/or control the actions of their agents, servants, and/or employees, including Justin Knowlton;

      g.     it failed to adequately investigate the background of Justin Knowlton;

      h.     it hired Justin Knowlton when it knew or should have known that he was unqualified to operate the specific type of motor vehicle he was driving at the time of the subject collision; and/or

      i.     it allowed Justin Knowlton to operate a motor vehicle when it knew or should have known it was unsafe to do so.

7.     As a result of the negligence and carelessness of the defendant as aforesaid, the plaintiff, Zoraida Reyes, sustained headaches, neck pain, accompanying parasthesias radiating into both shoulders, arms and hands bilaterally, cervical, thoracic and lumbar sprains and strains, radicular symptoms into her buttocks, upper thighs and down her right leg, a disc bulge at L5-S1, disc herniations at C3-4, C4-5, C5-6 and C6-7, and a disc protrusion at C7-T1. To treat these injuries and their concomitant symptoms of pain, spasm, discomfort and restricted mobility, the plaintiff required emergency medical care, a lengthy course of acupuncture, pain management therapy and consultations with orthopedic doctors, chiropractors, and other medical providers. In all probability the injuries and damages to the plaintiff's neck and back are permanent in nature and will require future medical treatment. In addition the plaintiff has suffered and will continue to suffer great physical and emotional pain, distress, anxiety and discomfort and has been and will in the future be unable to participate in many of the activities in which she engaged prior to said accident.

8.     Paragraphs 8 through 9 of the Second Count are hereby incorporated as Paragraphs 8 through 9 of this Third Count.

## FOURTH COUNT: ZORAIDA REYES v. POTTLE'S TRANSPORTATION, LLC (NEGLIGENT ENTRUSTMENT)

1-5. Paragraphs 1 through 5 of the First Count are hereby incorporated as Paragraphs 1 through 5 of this Fourth Count.

6. The defendant, Pottle's Transportation, knew or should have known that the defendant, Justin Knowlton, was incompetent to operate the vehicle and/or that he was an unsafe driver.

7. The defendant, Pottle's Transportation, negligently and unreasonably entrusted the vehicle to Justin Knowlton, knowing that he was not competent to drive the vehicle.

8. The injuries and damages to the plaintiff, Zoraida Reyes, were caused by the negligence and carelessness of the defendant, Pottle's Transportation, in that Pottle's Transportation knew or should have known that Justin Knowlton was not competent to drive the same.

9. As a result of the defendant, Pottle's Transportation's negligent entrustment of the vehicle to Justin Knowlton, the plaintiff, Zoraida Reyes, sustained headaches, neck pain, accompanying parasthesias radiating into both shoulders, arms and hands bilaterally, cervical, thoracic and lumbar sprains and strains, radicular symptoms into her buttocks, upper thighs and down her right leg, a disc bulge at L5-S1, disc herniations at C3-4, C4-5, C5-6 and C6-7, and a disc protrusion at C7-T1. To treat these injuries and their concomitant symptoms of pain, spasm, discomfort and restricted mobility, the plaintiff required emergency medical care, a lengthy course of acupuncture, pain management therapy and consultations with orthopedic doctors, chiropractors, and other medical providers. In all probability the injuries and damages to the

plaintiff's neck and back are permanent in nature and will require future medical treatment. In addition the plaintiff has suffered and will continue to suffer great physical and emotional pain, distress, anxiety and discomfort and has been and will in the future be unable to participate in many of the activities in which she engaged prior to said accident.

10. As a further result of Pottle's Transportation's negligent entrustment of the vehicle to defendant, Justin Knowlton, as aforesaid, the plaintiff was forced to incur substantial sums of money for the medical care, services and treatment necessitated by her condition.

11. As a further result of Pottle's Transportation's negligent entrustment of the vehicle to the defendant, Justin Knowlton, as aforesaid, the plaintiff was forced to miss time from the duties of her employment and has suffered a loss of earnings.

WHEREFORE, the plaintiff claims:

a. Fair, just and reasonable damages.

THE PLAINTIFF,
ZORAIDA REYES

By: _____
Amita P. Rossetti, Esq.
Tinley, Renehan & Dost, LLP
255 Bank Street, Suite 2A
Waterbury, CT 06702
Tel: (203) 596-9030
Fax: (203) 596-9036
Juris No.: 402031

A TRUE COPY ATTEST
_____
STATE MARSHAL
MARYANN DOUGLAS
P.O BOX 404, PLAINVILLE, CT 06062

| | | |
|---|---|---|
| RETURN DATE: FEBRUARY 26, 2019 | : | SUPERIOR COURT |
| | : | |
| ZORAIDA REYES | : | JUDICIAL DISTRICT OF |
| | : | STAMFORD |
| | : | |
| VS. | : | AT STAMFORD |
| | : | |
| JUSTIN KNOWLTON ET AL | : | JANUARY 25, 2019 |

## AMOUNT IN CONTROVERSY

The amount in demand, exclusive of interest and costs, is in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

THE PLAINTIFF,
ZORAIDA REYES

By: _____
Amita P. Rossetti, Esq.
Tinley, Renehan & Dost, LLP
255 Bank Street, Suite 2A
Waterbury, CT 06702
Tel: (203) 596-9030
Fax: (203) 596-9036
Juris No.: 402031

A TRUE COPY ATTEST
_____
STATE MARSHAL
MARYANN DOUGLAS
PO BOX 494, PLAINVILLE, CT 06062