UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
ZORAIDA REYES,                          :
                                        :
      Plaintiff,                        :
                                        :
      v.                                :   CASE NO. 3:19cv275(VLB)
                                        :
POTTLE'S TRANSPORTATION,                :
LLC ET AL,                              :
                                        :
      Defendants.                       :
```

**CALENDAR AND SETTLEMENT CONFERENCE ORDER**

A settlement conference with the undersigned has been scheduled in this case for **November 20th, 2019 at 1:00 P.M.** at his chambers at 450 Main Street, Room 258, Hartford, Connecticut. Those in attendance at the conference should be prepared to spend the remainder of the day at the settlement conference.

I. <u>PARTIES WITH FULL AUTHORITY MUST ATTEND</u>. The parties are hereby ORDERED to be present at the conference. If a party is a legal entity, not an individual, a representative of the party who is <u>fully authorized to decide all matters</u> pertaining to the case shall be present at the conference. The court will not hold a settlement conference without all parties present. A party may not participate by phone without express, advance approval by the court, and must first notify opposing counsel to determine if there are any objections. In cases where a party requires

authority from an insurer to settle the case, the party shall ensure that an insurance company representative with full authority to settle the case is present at the conference.  For a plaintiff, "full authority" means final authority to dismiss the case with prejudice, and to accept in settlement an amount or terms down to the defendant's last offer.  For a defendant, "full authority" means final authority to commit a defendant to pay, in the representative's own discretion, a settlement amount up to the plaintiff's prayer or the plaintiff's last demand, whichever is lower.  The purpose of this requirement is to have in attendance a person with both the authority and independence to settle the case during the settlement conference without consulting anyone not present.  The requirement that parties personally appear is intended to increase the efficiency and effectiveness of the settlement conference.  Failure of a party with full authority to settle the case to attend the conference may result in the imposition of sanctions. See Nick v. Morgan's Foods, 99 F. Supp. 2d 1056, 1062-63 (E.D. Mo. 2000).  Counsel are ordered to advise their respective clients and insurance company representatives of the Nick decision.  **Not later than 14 days before the conference**, counsel shall disclose to all other parties a list of all those who will be attending the conference, including their job titles.

II. <u>EXCHANGE OF OFFERS AND DEMANDS</u>.  Settlement conferences are often unproductive unless the parties have exchanged offers and demands before the conference and made a serious effort to settle the case on their own.  Therefore, **not less than 14 days before the conference**, the plaintiff's counsel shall serve a settlement demand upon counsel for the defendant.  The demand shall be accompanied by the plaintiff's damages analysis and include a summary of any outstanding liens.  If the defendant disagrees with the plaintiff's calculation of damages, the defendant's counsel shall respond to the plaintiff's analysis **not later than 9 days before the conference**.  The defendant must make a counteroffer prior to the settlement conference.

III. <u>CONFERENCE MEMORANDA</u>.  **Not later than 7 days prior to the conference** counsel shall submit to chambers of the undersigned an <u>ex parte</u>, confidential conference memorandum.  The memorandum shall be double spaced in no less than 12 point font and shall not exceed 10 pages.  It shall include the following: (A) a list of the claims and defenses; (B) the legal elements of the claims and defenses; (C) the evidence in support of the claims and defenses; (D) a damages analysis; (E) a discussion of the strengths and weaknesses of the case; (F) the status of the case, including the discovery remaining and substantive motions filed or contemplated; (G) a summary of any insurance coverage,

including whether the terms of the policy exclude any parties or claims; (H) a summary of any outstanding liens, including the lien amount, the lienholder, and any expected compromises of the lien; (I) settlement negotiations to date; (J) a discussion of the parties' incentives and impediments to settlement; and (K) a list of all those who will attend the conference, including job titles if pertinent to the case.  Prior to submission of the <u>ex parte</u> memorandum, counsel shall disclose to opposing counsel a list of all those who will be attending the conference.  The plaintiff's counsel shall attach a copy of the complaint to the plaintiff's <u>ex parte</u> memorandum.  Counsel may include attachments when appropriate, and such attachments shall not count against the 10 page limit.

Counsel may submit their <u>ex parte</u> memoranda to chambers by any of the following methods: email to Law Clerk Emily Ferriter Russo at **Emily_ferriter-russo@ctd.uscourts.gov**; fax to (860) 240-3587; or mail to Abraham Ribicoff Federal Building, United States Courthouse, 450 Main Street – Suite 258, Hartford, CT 06103. **Failure to submit memoranda in a timely manner may result in a postponement of the settlement conference.**

IV. <u>REQUESTS PERTAINING TO THE CONFERENCE</u>.  Any requests pertaining to the conference shall be made to the chambers of the undersigned in writing, or by telephone confirmed in writing, no

4

later than **10 days** from the date of this order. Any counsel requesting continuances, which will be considered only for good cause shown, shall consult with all opposing counsel before making the request and, in the event of a continuance, shall notify all parties of the new date and time.

    V.   <u>DUE DATES REMAIN IN PLACE</u>. Counsel are reminded that the scheduling of a settlement conference does not affect existing deadlines and shall not delay discovery or other due dates.

    SO ORDERED this 15th day of October, 2019 at Hartford, Connecticut.

                                      \_\_\_\_\_/s/_____
                                      Robert A. Richardson
                                      United States Magistrate Judge